Baker vs. Sheriff et al.

## No. 1135.

### NARCISSA J. BAKER vs. J. E. McGUIRE, SHERIFF, ET AL.

It is not against good morals and public policy for a plaintiff to allege that she confessed judgment in favour of one to whom she owed nothing for the purpose of erecting a scarecrow to frighten away, not her own creditors, but the creditors of another who had no claim upon her or her property. An exception of no cause of action based on this ground will not be sustained.

A PPEAL from the Fifth District Court, Parish of Ouachita. *Richardson,* J.

---

*Potts & Hudson* and *T. O. Benton* for Plaintiff and Appellant:

1. On trial of an exception of no cause of action all plaintiff's allegations must be taken as true.
2. One seeking to enforce and profit by what he terms an immoral agreement cannot invoke the rule "Nemo allegans suam turpitudinem audiendus est" against one seeking to protect himself from its effects. C. P. Art. 19; C. C. 1893. In the instant case the defendant pleads this rule to enable him to enforce *what he claims to be an immoral contract!*
3. It is not immoral to desire freedom from litigation. As to immortality of purpose, see 6 Martin, 542, par. 2, 3 and 4. It is not immoral for the wife to protect her property against the claims of her deceased husband's property.
4. An attempt to prevent or avoid litigation, with a view of saving attorney's fees, where that litigation must result in injury to all parties, the attacking and the attacked, should be encouraged.
5. The creditors of the husband have no claims nor rights upon the paraphernal property of the wife, and a desire to avoid attacks from them is not immoral.

*Boatner & Boatner* for Defendants and Appellees:

Plaintiff demands the nullity of a judgment upon the ground that it is a simulation, represents no debt and was compassed for the purpose of imposing an apparent judicial mortgage upon property, and to protect the property from pursuit of creditors.

Such an action is contrary to good morals and public policy, and cannot be heard in a court of justice. 1 Ann. p. 69; 2 Ann. 60; 31 Ann. 571. "Nemo allegans suam turpitudinem est audiundum."

---

The opinion of the Court was delivered by

MANNING, J. The plaintiff is the widow of W. J. Q. Baker. In January 1882 she signed a confession of judgment in favour of Tobias Purcell and the judgment was rendered on proof of her confession and was recorded. The amount was twenty-five hundred dollars. Purcell died and his executor issued execution upon this judgment and the sheriff seized a tract of land of the plaintiff and advertised it for sale in June 1883. Mrs. Baker injoined the sale by this suit.

Her allegations are that her late husband was greatly involved and that she had acquired a home through the generosity of her aunt, that Purcell was her friend and confidential adviser in business and that he told her there was great danger that her husband's creditors would try to

make their money out of her land and would subject her to harassing and expensive litigation—that the best way to prevent that was to confess a judgment in his favour for a sum large enough to protect her property which being recorded would serve as a legal scarecrow to the threatening creditors—that she owed Purcell only " a trifling amount" and signed the confession in error having been induced thereto by the fears implanted in her mind by the representations of Purcell of impending danger—that a counter-letter setting out the simulation of the affair was signed by Purcell and delivered to her and remained in her possession some months but was handed back to Purcell to have a slight error corrected and he died without returning it, and that she has sought to have search made among his papers for it but it has not been found.

The defendant executor peremptorily excepted that the petition discloses no cause of action, that the acts and doings therein alleged are contrary to good morals and public policy and cannot be considered by a court of justice. The lower court sustained the exception, dismissed the suit, and dissolved the injunction. The plaintiff appealed.

The ruling is error. The allegation is not that she apprehended pursuit by her own creditors and interposed this seeming obstacle to them, or that she contrived or assented to a scheme the object of which was to deceive any person who had a legitimate claim upon her property. The only fear alleged is that the creditors of another might attempt to pursue her and might attempt to subject her property to the payment of debts not her own. There is therefore no allegation of an act of her own or a combination of herself and a confederate to perpetrate a fraud to the prejudice of any one, but merely the adoption by her of a device that was to enable her to hold what was her own against the assault of those who had no right to it, and there is an allegation that the truth of the whole matter is set out in a counter-letter which she and the only other person concerned signed.

The bare question is whether it is against decency and good morals to allege that one adopted a certain method to screen her property from the attack of another who had no claims upon it, and when no fraudulent intent is averred and no act is alleged to have been done of a fraudulent character.

The counsel for the defendant invokes the rule that a confession of judgment cannot be avoided by an allegation of error of law though it may be by an error of fact. Rev. Civ. Code art. 1846. But we have not reached a stage of the case when that can be considered. The sole question now is, must the plaintiff be turned out of court because she

has alleged what good morals and public policy does not permit her to allege, and upon that question we differ from the court below.

It is therefore ordered and decreed that the judgment of the lower court is reversed and the cause is remanded for further proceedings the costs of appeal to be paid by the appellee.